UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SEON YOUNG PARK,

                Plaintiff,                      **VERIFIED COMPLAINT**

-against-

MGM YONKERS, INC. D/B/A EMPIRE CITY CASINO     **PLAINTIFF DEMANDS A**
AT YONKERS RACEWAY, MGM RESORTS                  **TRIAL BY JURY**
INTERNATIONAL, YRL ASSOCIATES, L.P.,
YONKERS RACING CORPORATION and MGP
YONKERS REALTY SUB, LLC

                Defendant(s).
----------------------------------------------------------------X

      Plaintiff, SEON YOUNG PARK, by her attorneys **DELL & DEAN, PLLC.**, complaining of the Defendant(s), respectfully alleges, upon information and belief:

### JURISDICTION AND VENUE

1.     That at all times hereinafter mentioned, Plaintiff was, and still is, a resident of the State of New Jersey.

2.     That at all times hereinafter mentioned, the Defendant, MGM YONKERS, INC. D/B/A EMPIRE CITY CASINO AT YONKERS RACEWAY, was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

3.     That at all times hereinafter mentioned, the Defendant, MGM YONKERS, INC. D/B/A EMPIRE CITY CASINO AT YONKERS RACEWAY, maintained its principal place of business in the County of Westchester, State of New York.

4.     That at all times hereinafter mentioned, the Defendant, YRL ASSOCIATES L.P., was and still is a domestic limited partnership duly organized and existing under and by virtue of the laws of the State of New York.

5.     That at all times hereinafter mentioned, the Defendant, YRL ASSOCIATES L.P., maintained a principal place of business in the County of Westchester, State of New York.

6. That at all times hereinafter mentioned, the Defendant, MGP YONKERS REALTY SUB, LLC., was and still is a domestic limited partnership duly authorized to do business in the State of New York.

7. That at all times hereinafter mentioned, the Defendant, MGP YONKERS REALTY SUB, LLC., maintained a principal place of business in the County of New York, State of New York.

8. That at all times hereinafter mentioned, the Defendant, YONKERS RACING CORPORATION, was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. That at all times hereinafter mentioned, the Defendant, YONKERS RACING CORPORATION, maintained its principal place of business in the County of Westchester, State of New York.

10. That at all times herein mentioned, Defendant, MGM RESORTS INTERNATIONAL, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. That at all times herein mentioned, Defendant, MGM RESORTS INTERNATIONAL, was and still is a foreign corporation duly authorized to do business in the State of New York.

12. That at all times hereinafter mentioned, Defendant, MGM RESORTS INTERNATIONAL, maintained a principal place of business in the County of Clark, State of Nevada, located at 3600 Las Vegas Blvd S. Las Vegas, NV 89109.

13. That at all times hereinafter mentioned, the Defendant, YRL ASSOCIATES L.P., owned the premises and appurtenances and fixtures thereto, located at Empire City Casino, 810 Yonkers Avenue, in the Town of Yonkers, County of Westchester, State of New York.

14. Jurisdiction is properly had over this matter pursuant to 28 U.S.C. 1332 since the parties are citizens of diverse states, and the amount in controversy exceeds the sum of **SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS** as well as 28 U.S.C. 1349.

15. That this action falls within one or more of the exceptions as set forth in CPLR Section 1602 of the State of New York.

16. Venue is properly placed in the United States District Court for the Southern District of New York since the Defendant operates within that district, and that district is the most convenient for this action to be tried.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

17. Plaintiff repeats, reiterates, and restates the above paragraphs 1-16 as if set forth fully herein.

18. That at all times hereinafter mentioned, and upon information and belief, the Defendant YRL ASSOCIATES L.P., operated the aforesaid premises.

19. That at all times hereinafter mentioned, and upon information and belief, the Defendant YRL ASSOCIATES L.P., managed the aforesaid premises.

20. That at all times hereinafter mentioned, and upon information and belief, the Defendant YRL ASSOCIATES L.P., controlled the aforesaid premises.

21. That at all times hereinafter mentioned, and upon information and belief, the Defendant YRL ASSOCIATES L.P., maintained the aforesaid premises.

22. That at all times hereinafter mentioned, and upon information and belief, the Defendant YRL ASSOCIATES L.P. performed repairs at the aforesaid premises.

23. That at all times hereinafter mentioned, and upon information and belief, the Defendant YRL ASSOCIATES L.P. was the lessor of the aforesaid premises.

24. That at all times hereinafter mentioned, the Defendant MGM RESORTS INTERNATIONAL, owned the premises and appurtenances and fixtures thereto, located at Empire City Casino, 810 Yonkers Avenue, in the Town of Yonkers, County of Westchester, State of New York.

25. That at all times hereinafter mentioned, and upon information and belief, the Defendant MGM RESORTS INTERNATIONAL, operated the aforesaid premises.

26. That at all times hereinafter mentioned, and upon information and belief, the Defendant MGM RESORTS INTERNATIONAL, managed the aforesaid premises.

27. That at all times hereinafter mentioned, and upon information and belief, the Defendant, MGM RESORTS INTERNATIONAL, controlled the aforesaid premises.

28. That at all times hereinafter mentioned, and upon information and belief, the Defendant, MGM RESORTS INTERNATIONAL, maintained the aforesaid premises.

29. That at all times hereinafter mentioned, and upon information and belief, the Defendant, MGM RESORTS INTERNATIONAL, performed repairs at the aforesaid premises.

30. That at all times hereinafter mentioned, and upon information and belief, the Defendant MGM RESORTS INTERNATIONAL, was the lessor of the aforesaid premises.

31. That at all times hereinafter mentioned, the Defendant, MGM YONKERS, INC. D/B/A EMPIRE CITY CASINO AT YONKERS RACEWAY, owned the premises and appurtenances and fixtures thereto, located at Empire City Casino, 810 Yonkers Avenue, in the Town of Yonkers, County of Westchester, State of New York.

32. That at all times hereinafter mentioned, and upon information and belief, the Defendant, MGM YONKERS, INC. D/B/A EMPIRE CITY CASINO AT YONKERS RACEWAY, operated the aforesaid premises.

33. That at all times hereinafter mentioned, and upon information and belief, the Defendant, MGM YONKERS, INC. D/B/A EMPIRE CITY CASINO AT YONKERS RACEWAY, managed the aforesaid premises.

34. That at all times hereinafter mentioned, and upon information and belief, the Defendant, MGM YONKERS, INC. D/B/A EMPIRE CITY CASINO AT YONKERS RACEWAY, controlled the aforesaid premises.

35. That at all times hereinafter mentioned, and upon information and belief, the Defendant, MGM YONKERS, INC. D/B/A EMPIRE CITY CASINO AT YONKERS

RACEWAY, maintained the aforesaid premises.

36. That at all times hereinafter mentioned, and upon information and belief, the Defendant, MGM YONKERS, INC. D/B/A EMPIRE CITY CASINO AT YONKERS RACEWAY, performed repairs at the aforesaid premises.

37. That at all times hereinafter mentioned, and upon information and belief, the Defendant, MGM YONKERS, INC. D/B/A EMPIRE CITY CASINO AT YONKERS RACEWAY, was the lessor of the aforesaid premises.

38. That at all times hereinafter mentioned, the Defendant YONKERS RACING CORPORATION, owned the premises and appurtenances and fixtures thereto, located at Empire City Casino, 810 Yonkers Avenue, in the Town of Yonkers, County of Westchester, State of New York.

39. That at all times hereinafter mentioned, and upon information and belief, the Defendant, YONKERS RACING CORPORATION, managed the aforesaid premises.

40. That at all times hereinafter mentioned, and upon information and belief, the Defendant, YONKERS RACING CORPORATION, controlled the aforesaid premises.

41. That at all times hereinafter mentioned, and upon information and belief, the Defendant, YONKERS RACING CORPORATION, maintained the aforesaid premises.

42. That at all times hereinafter mentioned, and upon information and belief, the Defendant, YONKERS RACING CORPORATION, performed repairs at the aforesaid premises.

43. That at all times hereinafter mentioned, and upon information and belief, the Defendant, YONKERS RACING CORPORATION, was the lessor of the aforesaid premises.

44. That at all times hereinafter mentioned, and upon information and belief, the Defendant, MGP YONKERS REALTY SUB, LLC., managed the aforesaid premises

45. That at all times hereinafter mentioned, and upon information and belief, the Defendant, MGP YONKERS REALTY SUB, LLC., controlled the aforesaid premises.

46. That at all times hereinafter mentioned, and upon information and belief, the Defendant, MGP YONKERS REALTY SUB, LLC., maintained the aforesaid premises.

47. That at all times hereinafter mentioned, and upon information and belief, the Defendant MGP YONKERS REALTY SUB, LLC., performed repairs at the aforesaid premises.

48. That at all times hereinafter mentioned, and upon information and belief, the Defendant, MGP YONKERS REALTY SUB, LLC., was the lessee of the aforesaid premises.

49. That on September 13, 2023, Plaintiff SEON YOUNG PARK, was lawfully on the aforesaid premises.

50. That on September 13, 2023, while Plaintiff, SEON YOUNG PARK, was lawfully about the aforesaid premises, she was caused to fall and sustain serious and permanent injuries.

51. That the above-mentioned occurrence, and the results thereof, were caused by the joint, several and concurrent negligence of the Defendant(s) and/or said Defendant(s)' respective agents, distributors, servants, employees, those in contract with Defendants, and/or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid premises.

52. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

## CONCLUSION

53. That by reason of the foregoing, Plaintiff SEON YOUNG PARK was caused to sustain serious injuries and to have suffered pain and suffering; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

54. That as a result of the foregoing, Plaintiff, SEON YOUNG PARK was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have

jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against the Defendant(s), jointly and severally, herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Garden City, New York,
October 5, 2023

_____
Joseph G. Dell, Esq. (JD-7315)
DELL & DEAN, PLLC.
Attorneys for Plaintiff
SEON YOUNG PARK
1225 Franklin Ave. Ste. 360
Garden City, NY 11530
(212) 354-6800

VERIFICATION

STATE OF New York )
) ss.:
COUNTY OF New York )

I, Seon Young Park being duly sworn, deposes and says:

I am the plaintiff in the within action;

I have read the following Verified Complaint and believe the same to be true to my knowledge; the same is true to my knowledge except as to those matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

X _____

Sworn to before me this
6th day of Oct, 2020

_____
Notary Public Faye Lamerence

*[Notary seal: Faye Lamerence, STATE OF NEW YORK, NOTARY PUBLIC, Qualified in Nassau County, 01LA6417946, MY COMMISSION EXPIRES 05/24/2025]*